**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LESAMUEL PALMER,**
**D.O.C.# L41847,**

    **Plaintiff,**

vs.                                                        Case No. 4:25-cv-350-MW-MAF

**W. GREEN, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se state prisoner, submitted a civil rights complaint on August 13, 2025 by prison mailbox rule. ECF No. 1. He has not paid the filing fee or filed a motion for in forma pauperis (IFP) status. Even if Plaintiff had filed an IFP motion, it would not be reviewed. Plaintiff is not eligible for IFP status because he is a "three-striker" under the Prison Litigation Reform Act (PLRA) and the complaint fails to show he is in imminent danger of serious physical injury. Additionally, Plaintiff affirmatively misrepresented his litigation history. Dismissal is warranted.

The PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff acknowledges in his complaint that he has had at least one case dismissed under that statute. ECF No. 1 at 9. Though he lists 13 cases he has filed in federal court relating to the conditions of his confinement, he fails to specify which were dismissed as frivolous, malicious, or for failure to state a claim. Id. at 13. Plaintiff's omissions will be discussed in more detail later.

Plaintiff is a frequent litigant and no stranger to this process. The Court takes judicial notice of four of Plaintiff's many prior prisoner civil rights cases in federal court dismissed for failure to state a claim or as malicious: (1) Palmer v. Laux, No. 2:10-cv-438 (M.D. Fla. 2010) (dismissed for failure to state a claim); (2) Palmer v. Corizon Healthcare, No. 3:14-cv-574 (M.D. Fla. 2014) (same); (3) Palmer v. Brown, et al., No. 4:19-cv-306-RH-HTC (N.D. Fla. August 14, 2019) (dismissed under § 1915(g) and as malicious for failure to disclose prior litigation history, noting six prior "strike" cases); and (4) Palmer v. Campbell, et al., No. 3:24-cv-358-WS-MJF (N.D. Fla. October 21, 2024) (dismissed as malicious for failure to disclose prior litigation history). All were filed when Plaintiff was a prisoner.[1]

---

[1] Plaintiff's inmate number at the Florida Department of Corrections is L41847. Each of the prior cases cited herein bear his name and the same inmate number.

Because Plaintiff has three strikes, he is not entitled to proceed without paying the filing fee at the time of case initiation unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In this complaint, Plaintiff attempts to sue several correctional officers under the Eighth Amendment for failure to protect him from harm based on an incident in February 2024. See ECF No. 1 at 5-6. But Plaintiff cannot rely on allegations of past assaults or actions to establish imminent harm. See Porter v. Inch, Case No. 4:20-cv-230, 2020 WL 4018612, at *4 (N.D. Fla. June 19, 2020) (finding no imminent danger when the alleged assault occurred nearly one month prior to the filing of the complaint). Plaintiff's complaint fails to allege imminent danger of serious physical injury. Therefore, this case should be summarily dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted, and as a three-striker under § 1915(g), Plaintiff is not entitled to belatedly pay the filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

Separately, dismissal is warranted because Plaintiff affirmatively misrepresented his litigation history—again. Section VIII of the court form requires Plaintiff to describe each prior lawsuit he has filed in state or federal court relating to the conditions of his confinement. ECF No. 1 at 10. The form

also requires Plaintiff to disclose which cases have been dismissed as frivolous, malicious, or for failure to state a claim. Id. at 9. Plaintiff's federal litigation history section lists 13 cases. Id. at 13. Plaintiff does not cite why any of the cases were dismissed and fails to identify which cases were dismissed as malicious or for failure to state a claim. Plaintiff signed the Rule 11 Certification. Id. at 12, 14. His statements concerning his prior litigation include omissions and falsehoods.

The Court conducted an independent review of Plaintiff's litigation history, as it does in every prisoner case. At a minimum, Plaintiff failed to disclose any cases he has filed in the Northern District of Florida. The Court identified two of these earlier as qualifying § 1915(g) dismissals. See Palmer v. Brown, Palmer v. Campbell, *supra* at 2. The Court will not detail Plaintiff's missing history more than it already has. That responsibility falls solely on Plaintiff.

Prisoner plaintiffs have an obligation to accurately disclose their litigation history on the complaint form under the penalty of perjury. Any affirmative misrepresentations constitute an abuse of the judicial process warranting dismissal of the case, without prejudice, as malicious under §§ 1915A(b)(1) and 1915(e)(2)(B)(i). E.g., Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (affirming dismissal as malicious where

plaintiff failed to disclose existence of one prior case and disclosed another prior case but failed to disclose that it was dismissed for failure to state a claim); <u>Sears v. Haas</u>, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same, where inmate failed to disclose two cases, including one he had filed months earlier); <u>Kendrick v. Sec'y, Fla. Dep't of Corr.</u>, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal"); <u>Ealy v. CCA</u>, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals where plaintiffs failed to disclose their prior litigation history).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g) and as malicious pursuant to 28 U.S.C § 1915A(b)(1).

**IN CHAMBERS** at Tallahassee, Florida on August 21, 2025.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).